### KIRK v. WEST VIRGINIA COLLIERY CO.

(Circuit Court of Appeals, Fourth Circuit.    May 8, 1914.)

#### No. 1234.

NEGLIGENCE (§ 25*)—DANGEROUS PREMISES—REASONABLE CARE.

Plaintiff, while walking down a main railroad track to the place where passenger trains stopped, intending to board such a train as a passenger, reached a point where she would have to walk past a coal tipple discharging coal through a chute into cars below, and met one of defendant's foremen, of whom she inquired if it was safe for her to pass the tipple, to which he replied in the affirmative. She passed on, walking along the ties on the outer edge of the main track, and was injured by a lump of coal that bounded over from the railroad car then being loaded, which struck her on the limb. The distance between the main line railroad track and the side track on which the car was being loaded was 18 feet from center to center. *Held*, that reasonable care did not require defendant to build a guard fence or wall between the tracks, nor to stop loading the car while plaintiff was passing the tipple, and that the proximate cause of the injury was pure accident, and not the result of actionable negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 35–38; Dec. Dig. § 25.*]

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Benjamin F. Keller, Judge.

Action by Sarah Kirk against the West Virginia Colliery Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Finley E. Fogg, of Paintsville, Ky. (Fogg & Kirk, of Paintsville, Ky., and Williams, Scott & Lovett, of Huntington, W. Va., on the brief), for plaintiff in error.

V. L. Black, of Charleston, W Va. (Brown, Jackson & Knight, of Charleston, W. Va., on the brief), for defendant in error.

Before PRITCHARD and KNAPP, Circuit Judges, and DAYTON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

DAYTON, District Judge. On August 10, 1911, the defendant company was operating a coal mine on Cabin creek, Kanawha county, W. Va., on one of the branch lines of the Chesapeake & Ohio Railway. The mine was a drift one, and the coal, in mine cars, from the pit mouth was run down an incline to and upon a tipple which was erected over two side or spur tracks from the railroad's main line, for the purpose of loading the coal into railroad cars for transportation. When the mine cars arrived upon the tipple their coal was dumped into the tipple bin from which, through a chute underneath, by opening a metal gate, the coal was allowed to pass down into the railroad car, awaiting its reception upon one or other of the side tracks below. Two men were stationed in the railroad car, being thus loaded, for the purpose of discovering and throwing out any lumps of slate or bone left in the coal and of adjusting the load properly in the car. The side track next to the railway's main line track was distant 18 feet from center to center. On this day in August, the plaintiff, a woman 61 years of age, in company with her daughter, whom she had been visiting, was walking down the main track of the railroad to the place where passenger trains stopped, with a view to board such a train as a passenger. Just before reaching the point where she would have to walk past this tipple she met two men, one a working foreman of defendant, from whom she inquired if it was safe for her to pass by it, who replied, "No, there is no danger, go on." She did go on, walking along the ties on the outer edge of the main track, and was struck and injured by a lump of coal that bounded over from the railroad car then being loaded, and struck her on the leg. This action was thereupon instituted in the court below alleging negligence and claiming damages. A trial was had, in which, after the introduction of plaintiff's evidence the court there held it to be insufficient to warrant a recovery, and directed the jury to find a verdict for the defendant. Upon such verdict, judgment for defendant was rendered and entered, to which this writ of error was taken.

We do not deem it necessary to consider the questions of Mrs. Kirk's right to walk upon the railroad's main track past this tipple instead of taking the obstructed road running alongside such track, nor her alleged contributory negligence in the premises. Regrettable as this injury to this lady, which has undoubtedly caused her much pain and suffering, may have been, it seems clear to us from the evidence that it was the result of a very peculiar, unusual, and unexpected occurrence, which no precaution in ordinary reason and experience could have contemplated or forestalled. Beyond all doubt this lump of coal, instead of going down the chute and bedding itself with the other coal in the body of the railroad car, as ordinarily and usually it would have done, for some reason bounded from the lower end of the chute across the railroad car to its far side, where it struck and again bounded across the railroad's main track some 18 feet, at the particular second of time when it would come in contact with and injure this woman. No such accident would likely occur again in a century if at all. The statement made by the tipple foreman that "there was no danger, go on," was entirely justified from experience, and a reasonable view

of the situation. To say that it was the duty of the coal company, as claimed by counsel, to stop the operation of loading the car until these women could pass the tipple, 18 feet away in anticipation or fear of such a freak occurrence has no support in the principles of the law governing negligence. For the same reason the other claim that the company should have built a guard fence or wall between the tracks is just as untenable. In short, the case resolves itself into one of pure accident for which the coal company could not, upon any principle of law, be held liable.

The judgment of the court below is affirmed.

Affirmed.